UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br><br>*Plaintiff*,<br>v.<br><br>FEDERAL TRADE COMMISSION,<br><br>*Defendant*. | Civil Action No. 18-942 (TJK) |

### ORDER

Presently before the Court is Facebook, Inc.'s Motion to Intervene, ECF. No. 15, in this suit brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. For the reasons explained below, the Court will grant Facebook's motion.

The Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). The D.C. Circuit has held that Rule 24(a) imposes four prerequisites to intervention: "(1) the application to intervene must be timely; (2) the applicant must demonstrate a legally protected interest in the action; (3) the action must threaten to impair that interest; and (4) no party to the action can be an adequate representative of the applicant's interests." *Karsner v. Lothian*, 532 F.3d 876, 885 (D.C. Cir. 2008) (quoting *SEC v. Prudential Sec. Inc.*, 136 F.3d 153, 156 (D.C. Cir. 1998)). In addition, a movant seeking to intervene as of right under Rule 24(a) must have Article III standing to participate in the lawsuit. *Jones v. Prince George's Cty.*, 348 F.3d 1014, 1017 (D.C. Cir. 2003).

Facebook, seeking to intervene as a defendant, easily meets all these criteria. Plaintiff Electronic Privacy Information Center (EPIC) does not challenge the timeliness of Facebook's motion; nor does it contest whether Facebook has met its "minimal" burden to show that neither party can adequately represent its interest in this suit, which is in protecting confidential business information uniquely its own. *Appleton v. FDA*, 310 F. Supp. 2d 194, 197 (D.D.C. 2004). EPIC does argue that Facebook has not shown that its legally protected interest would be harmed by disclosure of the information at issue and, relatedly, that it lacks standing. In doing so, EPIC trains most of its fire on the underlying merits of the suit—that is, whether FOIA's Exemption 4 justifies withholding the information. But that is the ultimate issue in the case, not one that governs whether Facebook may intervene in the first place. At this point, the parties agree that EPIC seeks records that Defendant Federal Trade Commission (FTC) has withheld from it under Exemption 4 as Facebook's confidential business information. Accordingly, both the interest and standing requirements for intervention are met, and no case cited by EPIC suggests otherwise. On this record, "the imminent and concrete risk of [Facebook's] confidential materials being released through a successful FOIA action is obvious." *100Reporters LLC v. United States Dep't of Justice*, 307 F.R.D. 269, 284 (D.D.C. 2014). Having met all the prerequisites, Facebook may intervene as of right.

Alternatively, the Court finds that Facebook is entitled to intervene under Rule 24(b), which gives the Court discretion to "permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). When exercising this discretion, the Court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). For the reasons explained above, Facebook's defense overlaps with questions of law presented by

this suit.  And there is nothing in the record to suggest that Facebook's presence will unduly delay or prejudice the original parties' rights, especially at this early stage in the litigation, and given that Facebook and the FTC are likely to assert similar arguments.  Indeed, Facebook's participation will likely "contribute to . . . the just and equitable adjudication of the legal question presented," making permissive intervention proper.  *Sierra Club v. McCarthy*, 308 F.R.D. 9, 12 (D.D.C. 2015) (omission in original) (quoting *Ctr. for Biological Diversity v. EPA*, 274 F.R.D. 305, 2012 (D.D.C. 2011)).

For all the above reasons, is it hereby **ORDERED** that Facebook's Motion to Intervene, ECF No. 15, is **GRANTED**.  Facebook shall file its proposed answer by September 3, 2019.  It is further **ORDERED** that all parties shall file a joint status report by September 27, 2019.

**SO ORDERED.**

/s/ Timothy J. Kelly  
TIMOTHY J. KELLY  
United States District Judge

Date: August 28, 2019