IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY<br>INFORMATION CENTER<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL TRADE COMMISSION<br><br>    Defendant. | Civil Action No. 18-942 (TJK) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7.1(h), Plaintiff hereby submits the following Statement of Material Facts as to Which There is No Genuine Dispute.

1. On March 20, 2018, EPIC submitted a Freedom of Information Act ("FOIA") request to the Federal Trade Commission ("FTC") seeking records, in the possession of the FTC, about Facebook that was required by the 2011 consent order. Compl. ¶ 25; Answer ¶¶ 25–28. EPIC sought five categories of records:

    1. The 2013 Facebook Assessments;
    2. The 2015 Facebook Assessments;
    3. The 2017 Facebook Assessments;
    4. All records concerning the person(s) approved by the FTC to undertake the Facebook Assessments; and
    5. All records and communications between the FTC and Facebook regarding the Facebook Assessments.

2. In a letter dated March 29, 2017, the FTC FOIA Office acknowledged receipt of EPIC's FOIA request and granted EPIC's request for expedited processing and a fee waiver. Compl ¶ 29; Answer ¶ 29. The FTC assigned EPIC's FOIA request reference number FOIA-2018-0066. *Id.*

1

3. On April 17, 2018, the FTC sent an e-mail to EPIC stating that it was unable to respond to EPIC's FOIA request within the statutory deadline. Compl. ¶ 30; Answer ¶ 30.

4. On April 20, 2018, EPIC filed suit in connection to the above-referenced FOIA request. Prior to EPIC's lawsuit, the FTC did not release responsive records and did not issue a determination required under the FOIA.

5. On May 24, 2018, the FTC filed its Answer and argued that EPIC "failed to exhaust its administrative remedies" and that EPIC's claims that the agency failed to process its FOIA request was "moot." Answer 7.

6. On June 5, 2018, the Court ordered the parties to "meet, confer, and file a joint proposed schedule for briefing or disclosure by June 26, 2018."

7. One day prior to the June status report deadline, the FTC sent EPIC a draft status report that did not proposed schedule for disclosure of records. Instead, the draft status report indicated that the agency will upload the first three categories of EPIC's FOIA request to the agency's *Frequently Request Records: Facebook* webpage on June 26, 2018. In the filed status report, the FTC "requested additional time to establish a schedule for processing of the request and disclosure of relevant records" responsive to the other categories of EPIC's FOIA request.

8. In the June 26, 2018 status report, the parties agreed that the FTC would "establish a schedule for processing of the request" by July 26, 2018. ECF No. 7. The Court reviewed the June 26, 2018 Joint Status Report and ordered the parties to file another status report on July 26, 2018.

9. On July 25, 2018, EPIC contacted the FTC to propose a production schedule. In an e-mail, EPIC stated that it "propose the following production schedule: The FTC shall

process and release all non-exempt records responsive to EPIC's FOIA request by Monday, August 27, 2018." EPIC also proposed "that the parties file another status report 14 days after production (September 10, 2018), allowing EPIC and the agency to confer on whether there are any remaining issues in dispute."

10. On July 26, 2018, the FTC responded to EPIC's e-mail with a counterproposal including an "interim production on 9/10/18 and a final production on 10/10/18." EPIC agreed to the modified production schedule and the parties incorporated the schedule into the July 26, 2018 Joint Status Report. ECF No. 8. The parties also submitted a proposed order with the status report that referenced the production schedule explicitly. ECF No. 8-1.

11. The court reviewed the parties' status report with the agreed upon production schedule and issued a Minute Order on July 30, 2018, ordering the parties to "file another joint status report by October 20, 2018."

12. On September 10, 2018, the FTC produced copies of the Facebook privacy assessments as well as 152 pages of records responsive to category 4 of EPIC's FOIA request.

13. On October 12, 2018, the FTC produced 175 partially redacted pages of records responsive to category 5 of EPIC's FOIA request.

14. On October 18, 2018, counsel for the FTC contacted EPIC and stated that it was preparing to complete the final production for responsive records for release. The FTC Counsel told EPIC that Facebook opposed the release of some of the processed records and the company was considering filing an intervention in the case. Facebook did not file a motion to intervene at that time.

15. On October 19, 2018, the FTC produced 277 partially redacted pages of records responsive to category 5 of EPIC's FOIA request. This production was the third and final production.

November 22, 2019

Respectfully Submitted,

MARC ROTENBERG (DC Bar # 422825)
EPIC Executive Director

*/s/ Alan Jay Butler*
ALAN JAY BUTLER (DC Bar #1012128)
EPIC Senior Counsel

Enid Zhou (DC Bar # 1632392)
EPIC Open Government Counsel

Electronic Privacy Information Center
1519 New Hampshire Ave NW
Washington, DC 20036
202-483-1140
butler@epic.org

*Counsel for Plaintiff*