UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EPIC,<br><br>          Plaintiff,<br><br>          v.<br><br>FEDERAL TRADE COMMISSION,<br><br>          Defendant. | Civil Action No. 18-942 |

## DECLARATION OF DIONE JACKSON STEARNS

I, Dione Jackson Stearns, declare the following to be a true and correct statement of facts:

1. I am Assistant General Counsel for Information and Legal Support with the Federal Trade Commission ("FTC"). In that capacity, my responsibilities include: (1) acting as a liaison with offices and bureaus of the FTC in responding to requests and litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2006), amended by the OPEN Government Act of 2007, Pub. L. No. 110-175, 121 Stat. 2524, and the Privacy Act of 1974 ("PA"), 5.U.S.C. § 552a (2006); (2) review of FOIA/PA requests for access to records located in this office and the FTC's Bureaus and Offices, and the case files arising therefrom; (3) review of correspondence related to FOIA/PA requests; (4) review of searches conducted in response to FOIA/PA requests; (5) location of responsive records; and (6) preparation of responses thereto by the FTC to ensure that determinations to withhold or release responsive records are made in accordance with the provisions of both the FOIA and the PA, as well as the relevant FTC

regulations (16 C.F.R. §§ 4.8 *et. seq*). Previously, I served five years as Attorney Advisor for the Executive Office for United States Attorneys ("EOUSA") FOIA Privacy Act staff. In that position, I was responsible for reviewing FOIA/PA requests for access to records located in EOUSA and the 94 United States Attorney's offices located throughout the country, determining whether to withhold or release responsive records, and serving as agency counsel in litigation cases filed under the FOIA/PA in accordance with the provisions of both the FOIA and the PA.

2. As FTC's Assistant General Counsel for Information and Legal Support (the "FOIA Unit"), I have authority to release and/or withhold records requested under the FOIA/PA, and to explain the rationale for FTC's disclosure determinations. The statements I make in this declaration are based on my review of the official files and records of the FTC, my own personal knowledge, and/or information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with procedures followed by the FTC in responding to Plaintiff's FOIA request, 2018-00666, which is the subject of this lawsuit.

4. This declaration explains the procedures that were followed in responding to Plaintiff's April 20, 2018 request, referenced in count I. This declaration is drafted in support of the FTC's Opposition of EPIC's Motion for Partial Summary Judgment.

## OVERVIEW OF FOIA PROCESSING AT THE COMMISSION

5. The FTC FOIA Unit operates in an electronic environment, which means that all FOIA requests from receipt of the initial request through the final decision are processed in the FOIA Unit. To do so, the FTC uses FOIAXpress, which is an internal server-based application for electronic processing and tracking of FOIA requests. This software allows the FTC to

electronically store, retrieve, redact, and print documents for delivery to FOIA requestors. It is capable of tracking and reporting workflow, statistics, and correspondence, as well as generating fee calculations and invoices. When the FTC receives a FOIA request, it is immediately scanned or uploaded into FOIAXpress and then reviewed by the FOIA Unit. Subsequently, an initial search is conducted to identify the likely office to contain responsive records, which is separate from the FOIA office processing the request. Once the proper office or offices are identified, the FOIA Unit sends requests for documents forms to the offices to provide the responsive records to the FOIA Unit for central processing and response to the requester.

## PRE-COMPLAINT RESPONSE TO EPIC'S EPICS FOIA REQUEST

6. Enid Zhou, on behalf of Electronic Privacy Information Center ("EPIC"), submitted to the FTC a FOIA request dated March 20, 2018. Plaintiff's request sought the following records:

 (1) The 2013 Facebook Assessments;

 (2) The 2015 Facebook Assessments;

 (3) The 2017 Facebook Assessments

 (4) All records concerning the person(s) approved by the FTC to undertake the Facebook Assessments; and

 (5) All records of communications between the FTC and Facebook regarding the Facebook Assessments.

In that same letter, Plaintiff requested expedited treatment and a Public Interest Fee Waiver. **Exhibit A.**

7. Upon receipt of EPIC's FOIA request, I assigned it to FOIA attorney Jonathan Hill for processing.

3

8.  At the time EPIC submitted its request, the FOIA Unit had approximately 100 open and outstanding FOIA requests that preceded EPIC's request. These requests were in various stages of processing and review on final release determinations. In compliance with 5 U.S.C. § 552(a)(6)(D), agencies are permitted to have FOIA procedures for "multitrack processing" of requests with varying degrees of difficulty. Typically, the degrees of difficulty of processing requests fall into three tracks -- expedited, simple, and complex. The FOIA Unit employs a first-in, first-out processing procedure within each track, thus responding to relatively simple requests more quickly than requests involving complex and/or voluminous records. Requests that are granted expedited processing are processed "as soon as practicable" based on the simplicity or complexity of the records requested.

9.  From March 19, 2018 to March 27, 2018, the FOIA Unit received seven FOIA requests, including the underlying FOIA request at issue (FOIA-2018-00666), seeking access to Facebook assessments and communications.

10. On March 28, 2018, Mr. Hill sent a request for documents to the FTC's Enforcement Division an office separate from the FOIA office processing the request. In the email, Mr. Hill notified the office to search promptly for responsive records and send any documents to the FOIA Unit, the central FOIA processing office.

11. On March 29, 2018, the FTC acknowledged receipt of EPIC's March 20, 2019 FOIA request and assigned FOIA request number, 2018-00666 to it. The FTC also granted EPIC's request expedited processing and a fee waiver. **Exhibit B.**

12. Based on the initial review of EPIC's FOIA request and the fact that this request contained confidential information that would require third-party submitter notification, the FOIA Unit categorized EPIC's FOIA request as expedited complex and proceeded to do its due diligence to process the request as soon as practicable.

13. By email dated April 4, 2018, Mr. Hill sent a request for documents to additional employees in Enforcement regarding "Facebook FOIA requests" and provided the following "four specifications" that were identified across the Facebook-related requests:

> Spec. 1. The initial and biennial assessments and reports provided by Facebook or any independent third-party professional pursuant to the Decision and Order in *In re Facebook, Inc.* (C-4365);
>
> Spec. 2. All records concerning any person approved or rejected by the FTC to conduct such assessments;
>
> Spec. 3. All communications not included in Spec. 2 between the FTC and Facebook (and its representatives, e.g. attorneys) or its third-party assessors concerning the consent agreement or the assessments (including presentations, meeting minutes/notes, memos, and briefing materials); and
>
> Spec. 4. All materials relied upon to prepare the assessments, whether prepared by or on behalf of Facebook (*see* Sec. VI(E) of the Decision and Order).

14. Also on April 4, 2018, Mr. Hill contacted the Division of Privacy and Identity Protection ("DPIP") staff and asked them to search for the requested records, drawing their attention in particular to the pending requests for all communications between the FTC and Facebook or its third-party assessors.

15. By email dated April 5, 2018, Reenah Kim, Enforcement Division, emailed Mr. Hill and advised him that she had uploaded all the assessment materials for Spec 1 on DPIP's internal drive for review. In that email, Ms. Kim stated that she would turn to the other specifications the following week.

16. In a second email on April 5, 2018, Mr. Hill sent an RFD, outlining the specifications stated above, and identified the Division of Privacy and Identification Protection Office ("DPIP") offices as potentially having responsive documents, include those relevant to request communications between the FTC and Facebook or its third-party assessors.

17. On April 16, 2018, Hill requested that the FTC WebTeam post to the FTC's website the 2013, 2015, and 2017 Facebook Privacy Assessments released in response to prior FOIA requests, which were also responsive to portions of EPIC's and other then-pending Facebook-related requests. That same day, the FTC released the Faccebook Privacy Assessments with heavy redactions and posted the records in the FOIA reading room, at https://www.ftc.gov/about-ftc/foia/frequently-requested-records/facebook.

18. On April 17, 2018, the FTC advised Plaintiff by email that the FTC is unable to respond to Plaintiff's request within the 20-day working day deadline due to "unusual circumstances." As a result, The FTC invoked a ten-day extension to process Plaintiff's FOIA request by referencing the following:

- The need to search for and collect requested records from field facilities or other establishments that are separate from the office processing the request; and

- The need for consultation, which shall be conducted with all practicable speed, with another agency or two or more agency components having a substantial interest in the determination of the request or … having substantial subject matter interest therein.

**Exhibit C.**

19. According to the FOIA, if the required extension exceeds ten days, the agency must allow the requester an opportunity to modify his or her request, or to arrange

for an alternative period for completion of the agency's processing. Each agency is required to make available its FOIA Public Liaison to aid the requester in this regard and to "assist in the resolution of any disputes." Additionally, the FOIA Improvement Act of 2016 mandates that when agencies extend the time limit by more than ten additional working days they must notify the requester of the right to seek dispute resolution services from the Office of Government Information Services (OGIS).

20. In compliance with the FOIA, that FTC's April 17, 2019 email to EPIC identified the FTC's Public Liaison, Richard Gold, and advised Plaintiff of its right to seek dispute resolution services from OGIS. Finally, the email informed EPIC that that the FTC would continue to process its FOIA request, which sought access to five enumerated items. **Exhibit C.**

21. On April 18, 2018, EPIC contacted FOIA Public Liaison, Rich Gold, asking whether EPIC could bifurcate the request because EPIC did not believe that 'unusual circumstances' applied to" items (1)-(3) of its request. That same day, EPIC contacted the FOIA Unit via telephone and reiterated its request to bifurcate the records and process items (1)-(3) first. The FTC advised EPIC that the three Facebook Assessments, as released from prior FOIA requests, had been posted on the FTC's website, and that the FTC was re-reviewing and reprocessing those records in light of the recent FOIA requests to determine if previously redacted information could now be disclosed.

22. On April 20, 2018, two days after the April 18, 2018 phone call and ten days before May 1, 2018—the day the ten-day extension expired—EPIC filed a lawsuit in the United States District Court for the District of Columbia and commenced this litigation.

**SUBMITTER NOTICE REQUIREMENT**

22. Under Executive Order 12,600, 15 U.S.C. § 57b-2(c), and 16 C.F.R. 4.10(e) and (g), whenever a submitter's records contain confidential commercial information, it is necessary for the FTC's FOIA Unit to provide the submitter with pre-disclosure notification. The purpose of the pre-disclosure notification is to provide submitters the chance to give their input regarding the potential confidentiality of any of their records, and to explain why disclosure of those records reasonably could be expected to cause substantial harm to the submitter's competitive interests.

23. Before making the final disclosure determination for Facebook privacy assessments records responsive to EPIC's and other similar pending FOIA requests, Mr. Hill followed the pre-disclosure notification process to submitters of confidential business information contained in responsive records. On April 19, 2018, Mr. Hill sent a submitter notice to Facebook via email notifying it of the pending FOIA requests seeking access to the privacy assessments that Facebook, through PricewaterhouseCoopers ("PwC"), the auditor who prepared the Facebook assessments, had designated confidential. The FTC asked that they identify information Facebook deemed to be confidential business information and to substantiate the basis for nondisclosure of this information.

## POST-COMPLAINT PROCESSING OF EPIC'S EPICS FOIA REQUEST

24. On April 23, 2018, the FTC continued to receive responses to document requests and access to responsive documents from FTC employees in the FTC's Enforcement Division and Division of Privacy and Identity Protection.

25. On May 2, 2018 and May 3, 2018, the FTC sent a request for documents to the Commissioners Office's, the FTC's Front office, and the Director's office seeking records

responsive to the pending Facebook requests. Throughout the month of May, the FOIA unit continued to receive responses from the various FTC offices regarding responsive records.

26. Facebook provided comments on the FTC's proposed redactions records responsive to category 1-3 of EPIC's request up to the middle of June 2018. Following the consultations with the submitting parties, the FTC incorporated the results of their review into a set of documents that the agency produced.

27. On June 26, 2018, the FTC released 194 partially redacted pages of Facebook records responsive to categories 1-3 of EPIC's requests as well as numerous other pending Facebook FOIA requests.

28. Throughout September, the FTC continued to discuss with Facebook and Price Waterhouse Cooper their objections to the release of some responsive records responsive to Category 4 and 5 of EPIC's request.

29. On September 10, 2018, the FTC produced to EPIC a comprehensive set of records responsive to categories 1-4 of its FOIA request: the Facebook Assessment records previously released on June 26, 2018, and an additional 152 partially redacted pages of records responsive to category 4 of EPIC's request.

30. On October 12, 2018, the FTC made a second release of 175 partially redacted pages of records to EPIC that were responsive to specification 5, communications between the FTC and Facebook.

31. On October 19, 2018, the FTC made a final release of 277 partially redacted records responsive to category 5 of EPIC's request, completing the FTC's production.

## ADMINSTRATIVE APPEAL EXHAUSTION

32. EPIC did not file an administrative appeal prior to commencing the present court action. I have both reviewed the official FTC files and personally confirmed with the Appellate staff by telephone and email communication that there is no record of EPIC filing an appeal.

## CONCLUSION

33. Each step in the handling of EPIC's FOIA requests has been entirely consistent with the FTC's procedures adopted to insure an equitable response to all persons seeking access to records under the FOIA. In summation, the FTC has properly responded to EPIC's FOIA request.

I declare under penalty of perjury that the foregoing is true and correct and that Exhibits A through O attached hereto are true and correct copies.

Executed on the 13th day of December 2019 at Washington, D.C

Dione Jackson Stearns
Assistant General Counsel
Federal Trade Commission